IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerel Marquis Heriot,<br><br>                       Petitioner,<br><br>v.<br><br>Lashawn Peeples,<br><br><br>                       Respondent. | C/A No. 1:24-cv-07237-SAL<br><br><br><br>**ORDER** |

      Jerel Marquis Heriot ("Petitioner"), a pro se state prisoner, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. This matter is before the court for review of the Report and Recommendation ("Report") of United States Magistrate Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 42.] In the Report, the magistrate judge recommends granting Respondent's motion for summary judgment, ECF No. 29, and denying the petition. Petitioner objects to the Report, ECF No. 45, and Respondent has replied to those objections. [ECF No. 46.] For the reasons below, the court adopts the Report and grants Respondent's motion for summary judgment.

## BACKGROUND

      The Report sets forth a more detailed history of Petitioner's case, which the court adopts. But, for the purposes of this order, an abbreviated history suffices.

      In November 2021, a Sumter County grand jury indicted Petitioner on five counts of attempted murder, as well as one count each of possession of a weapon during a violent crime, possession of a firearm by a person convicted of a crime of violence, and possession of a firearm on premises where alcohol is sold. [ECF No. 42 at 2.] Attorneys Ray E. Chandler and Scott

1

Robinson ("plea counsel") represented Petitioner, and Assistant Solicitor Tyler S. Brown represented the State. *Id.* Following plea negotiations, Petitioner appeared before the Honorable R. Kirk Griffin in the Sumter County Court of General Sessions and entered *Alford* pleas to two counts of attempted murder.[1] He also pleaded guilty to possession of a weapon during the commission of a violent crime, possession of a weapon by a person convicted of a crime of violence, and possession of a firearm on premises where alcohol is sold. *Id.* at 2–5. Judge Griffin sentenced Petitioner to fifteen years' imprisonment. *Id.* at 5. He did not appeal. *Id.*

In May 2022, Petitioner filed a post-conviction relief ("PCR") application, and Timothy L. Griffith ("PCR counsel") was appointed to represent Petitioner in that matter. *Id.* at 6. In November 2022, the Honorable Edward W. Miller held an evidentiary hearing at which Petitioner proceeded solely on claims that he was coerced to plead guilty, that counsel was ineffective for failing to investigate and/or present evidence of a purported missing video, and that he did not voluntarily waive his right to a direct appeal. [ECF No. 28-1 at 112.] The PCR court found Petitioner's claims unconvincing, ultimately denying and dismissing the PCR application with prejudice. *Id.* at 118.

Plaintiff appealed by way of a *Johnson*[2] petition. The Supreme Court of South Carolina transferred the matter to the South Carolina Court of Appeals, and that court denied the petition

---

[1] As stated by the Fourth Circuit, an *Alford* plea is "an arrangement in which a defendant maintains his innocence but pleads guilty for reasons of self-interest." *United States v. King*, 673 F.3d 274, 281 (4th Cir. 2012) (citing *United States v. Taylor*, 659 F.3d 339, 347 (4th Cir. 2011), *North Carolina v. Alford*, 400 U.S. 25, 37 (1970)). A trial court may accept an *Alford* plea when: (1) the defendant "intelligently concludes that his interests require entry of a guilty plea;" and (2) "the record before the judge contains strong evidence of actual guilt." *Id.* (citing *United States v. Mastrapa*, 509 F.3d 652, 659 (4th Cir. 2007)).

[2] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988), is the PCR appeal corollary to an *Anders* brief. *See Anders v. California*, 386 U.S. 736 (1967). It allows the South Carolina appellate court to review all the issues raised to and ruled upon by the PCR court.

for writ of certiorari. [ECF No. 42 at 7.] The court of appeals issued the remitter on October 22, 2024. *Id.*

Petitioner filed this action in December 2024. [ECF No. 1.] Respondent moves for summary judgment. *See* ECF Nos. 29, 37, 40. The magistrate judge recommends granting Respondent's motion. [ECF No. 42.] Petitioner filed objections to the Report, ECF No. 45, and Respondent replied. [ECF No. 46].

## LEGAL STANDARDS

### I. Review of a Magistrate Judge's Report

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then reviews de novo only the portions of the Report to which a party has specifically objected. *Id.* An objection is sufficiently specific if it reasonably alerts the court to a party's true objection to the Report. *Id.* at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If instead a litigant objects only generally, the court reviews the Report for clear error and need not provide an explanation for adopting the recommendation. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . .

this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

**II.     Review of a Motion for Summary Judgment**

Summary judgment is appropriate if a moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of proving he is entitled to summary judgment by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To avoid summary judgment, the nonmoving party must then show that a material fact is genuinely disputed. In determining whether a genuine issue of material fact exists, the court must draw all justifiable inferences in favor of the nonmoving party. *See HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**III.    Review of a Petition for Writ of Habeas Corpus**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a court cannot grant an application for a writ of habeas corpus with respect to any claim adjudicated on the merits in a state court proceeding unless the decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of

the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1). The AEDPA standard of review is "highly deferential" to the state court. *Davis v. Ayala*, 576 U.S. 257, 269 (2015). To obtain relief, "a state prisoner must show that the state court's ruling on the claim presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Moreover, the state court's factual findings are presumed to be correct, and the petitioner must rebut that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## IV.    Ineffective Assistance of Counsel

The majority of Petitioner's habeas grounds raise claims of ineffective assistance of counsel in violation of the Sixth Amendment. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Petitioner must show (1) his trial counsel was deficient and (2) the deficient performance prejudiced his defense. *Id*. at 687. Under the first prong, Petitioner must prove that counsel "made errors so serious" that his representation "fell below an objective standard of reasonableness[.]" *Id*. at 687–88. To satisfy the second prong, Petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

On habeas review, a claim for ineffective assistance of counsel— "a deferential analysis in its own right—must be viewed through the deferential lens of Section 2254(d)." *Thompson v. Gansler*, 734 F. App'x 846, 853 (4th Cir. 2018); *see also Harrington*, 562 U.S. at 101 (deeming the standards "doubly" deferential "in tandem"). The question for a federal habeas court "is not whether counsel's actions were reasonable" but "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." *Harrington*, 562 U.S. at 105. Thus, while

"[s]urmounting Strickland's high bar is never an easy task[,]" proving that "a state's application of Strickland was unreasonable under § 2254(d) is all the more difficult." The court must "give[] both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013).

## DISCUSSION

Having reviewed the record, the briefs of the parties, and the Report, the court finds the magistrate judge recited the applicable standards for review under § 2254 and correctly applied them. The magistrate judge recommends that the court grant Respondent's motion for summary judgment based on her application of the applicable federal law to the facts of the case. [ECF No. 42.] The court agrees with magistrate judge's reasoning and adopts the Report in full. Petitioner objects, and the court addresses Petitioner's objections below after a synopsis of the Report's recommendations.

**I.     The Magistrate Judge's Recommendation**

Petitioner raises four grounds in his federal habeas petition, all of which the magistrate judge recommends be dismissed. *See* ECF No. 42 at 7–31.

**A.     Ground One**

In his first ground, Petitioner alleges he was deprived of effective assistance of counsel in violation of the Sixth Amendment. He makes extensive allegations here, including that plea counsel withheld favorable evidence, failed to adequately investigate his case, engaged in threatening behavior to coerce his plea, and failed to subpoena witnesses. *Id.* at 18.

Only two of Petitioner's claims—that Petitioner was coerced into pleading guilty and that counsel failed to investigated security footage—are properly preserved for this court's review. *See* ECF No. 28-1 at 112. The Report explains Petitioner has failed to meet his burden under § 2254,

6

as the PCR court's factual findings are entitled to deference and were not an unreasonable application of federal law or Supreme Court precedent. *See id*. at 20–26. In particular, the PCR court held Petitioner failed to prove plea counsel coerced his plea because the record demonstrated his decision was knowing and voluntary. *See* ECF No. 28-1 at 116–17. The Report explains the PCR court's decision was not unreasonable under Supreme Court precedent, including *Strickland v. Washington*, 466 U.S. 668, 694 (1984). ECF No. 42 at 20–24; *see* also *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (holding that in the context of pleas, *Strickland's* prejudice requirement demands the petitioner "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial"). As to Petitioner's claims regarding trial counsel's failure to investigate allegedly exculpatory security footage, the magistrate judge finds no basis for habeas relief where the PCR court found trial counsel's testimony credible and his investigation reasonable and where Petitioner failed to produce the alleged missing video at the PCR evidentiary hearing. [ECF No. 44 at 24–25.]

As to the remaining claims in Ground One, the magistrate judge finds them procedurally defaulted because Petitioner failed to raise them in his PCR hearing. *Id.* at 18. To address the default, Petitioner raises *Martinez*,³ claiming PCR counsel failed to amend his PCR application and to raise meritorious issues. *Id*. at 19. But the magistrate judge rejects that argument. *Id.* at 19. As a result, the magistrate judge recommends dismissing this ground. *See id*. at 25.

---

³ *Martinez v. Ryan*, 566 U.S. 1, 9 (2012) ("Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.")

### B.    Ground Two

Petitioner next asserts he was deprived of due process in violation of the Fourteenth Amendment based on alleged *Brady* violations[4] by both plea counsel and the State. *See* ECF. No. 1 at 18–23. Specifically, Petitioner claims that plea counsel withheld the missing security footage from him and that the State failed to produce a victim's sweater bearing bullet holes. *Id*. The magistrate judge concludes these claims are defaulted, as Petitioner did not raise them in his PCR action. *See* ECF No. 42 at 26. Alternatively, the magistrate judge finds these claims meritless. *Id*. As the Report discusses in Ground One, Petitioner never provided the security footage. *See id*. Further, he has neither shown the State suppressed the sweater evidence, nor established that such evidence would have been exculpatory. *Id.* Therefore, the Report recommends dismissing this ground, as well. *Id.*

### C.    Ground Three

In Ground Three, Petitioner claims that his rights to due process and effective assistance of counsel under the Thirteenth Amendment were violated because he is innocent under a stand your ground defense. *See* ECF No. 1 at 25–29. The magistrate judge finds this claim defaulted, and, even if it is not, it is without merit. [ECF No. 42 at 27–28.] As explained in the Report, the rights to due process and effective assistance of counsel are not found in the Thirteenth Amendment. *Id*. at 27. Further, the record does not support a stand your ground defense, and plea

---

[4] In *Brady*, the Supreme Court held "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Reversal for a *Brady* violation is required "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Kyles v. Whitley*, 514 U.S. 419, 433-34 (1995).

counsel had strategic reasons for not raising the issue. *See id*. at 27–28. As a result, the Report recommends dismissing this ground. *Id.* at 28.

### D.     Ground Four

Petitioner's final ground raises a claim of actual innocence. *See* ECF No. 1 at 32–39. Yet, as explained in the Report, the Supreme Court has not recognized a stand-alone claim of actual innocence in federal habeas but rather views it as a method to overcome procedural default. [ECF No. 43 at 29–30 (citing *Herrera v. Collins*, 506 U.S. 390, 404 (1993)).] Regardless, the magistrate judge finds Petitioner's evidence insufficient to support his efforts. *Id*. at 29. Petitioner argues that certain witnesses lied or perjured themselves during the investigation without offering concrete proof that their statements were false. *Id.* at 29–30. Such speculative assertions, however, do not meet the high evidentiary burden of proof required to pursue an actual innocence claim. *See id*. (citing *Schlup v. Delo*, 513 U.S. 298 (1995)). As a result, the Report concludes Petitioner fails to present any grounds for federal habeas relief. *Id.* at 30. Thus, the Report recommends granting Respondent's motion for summary judgment and dismissing the petition with prejudice. *Id.* at 31.

## II.     Petitioner's Objections

Petitioner raises six objections to the Report:

1. The Report improperly makes findings of fact based solely on the plea hearing proceeding, rather than on the allegations set forth in the petition;

2. The Report fails to address Petitioner's allegations of professional misconduct and *Brady* violations against plea counsel;

3. The Report fails to address Petitioner's claim that his Sixth Amendment right to a fair trial was violated;

4. The Report does not consider Petitioner's claims that his right to due process was violated;

5. The Report fails to address his allegations of *Brady* violations against the State; and

> 6. The Report improperly makes findings of fact based exclusively on PCR counsel's testimony.

[ECF No. 45].

Petitioner's first and sixth objections both concern facts the magistrate judge considered in making her recommendations. *See id.* The first objection takes issue with the Report's "finding of fact based solely on the Plea Hearing proceeding." *Id.* at 1. Petitioner argues that the magistrate judge fails to address facts in his petition that would change the outcome of his criminal case, citing *Juniper v. Zook*, 876 F.3d 551 (4th Cir. 2017).

In *Juniper*, the court held "[a] petitioner who has diligently pursued his habeas corpus claim in state court is entitled to an evidentiary hearing in federal court, on facts not previously developed in the state court proceedings, if the facts alleged would entitle him to relief, and if he satisfies one of the six factors enumerated by the Supreme Court in *Townsend v. Sain*, 372 U.S. 293 (1963)."[5] 876 F.3d at 563 (quoting *Conaway v. Polk*, 453 F.3d 567, 582 (4th Cir. 2006)). Here, Petitioner fails to identify what facts he believes the magistrate judge should have addressed. *See* ECF No. 45 at 1–2. Instead, he vaguely refers to plea counsel withholding crucial evidence. *See id*. In the petition, he alleges plea counsel withheld a forensic interview report that demonstrates the existence of the exculpatory security footage. *See* ECF No. 1 at 8, 11–14, 19. The underlying facts concerning trial counsel's investigation of this footage, however, were developed during Petitioner's PCR hearing. *See* ECF No. 28-1 at 119. Additionally, the Report discusses the purported missing footage extensively. ECF No. 42 at 24–26. Under § 2254(e), "a determination of a factual issue made by a State court shall be presumed to be correct." It is Petitioner's burden

---

[5] The *Townsend* factors are: (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing. 372 U.S. at 313.

to rebut that presumption of correctness with "clear and convincing" evidence. 28 U.S.C. § 2254(e). Petitioner offered no such evidence to this court, and the magistrate judge properly constrained her review to the state court record. Therefore, the court overrules this objection.

Petitioner's sixth objection challenges the magistrate judge's "findings of fact based solely on PCR counsel Testimony" that certain grounds were not relevant to the PCR action when evaluating his *Martinez* claim for ineffective assistance of PCR counsel. *See* ECF No. 45 at 5 (errors in the original); *see also* ECF No. 42 at 19. As a basis for this argument, Petitioner cites S.C. Code Ann. § 17-27-90, which requires "[a]ll relief available to an applicant under this chapter must be raised in his original, supplemental or amended application." Petitioner apparently believes this statute means PCR counsel had to raise all grounds Petitioner believed should have been raised to avoid an ineffective assistance of counsel claim. *See* ECF No. 45 at 5. This is not the law. The Report correctly concludes that "choices of which issues to pursue are quintessential strategic choices" for attorneys. *See* ECF No. 42 at 19. Thus, the court also overrules this objection.

In his remaining objections, Petitioner alleges the Report violated the standards set forth in *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992), by failing to address various claims raised in the petition. *See* ECF No. 45 at 2–5. Specifically, Petitioner contends the Report does not address his claims alleging violations of *Brady*, his Sixth Amendment right to a fair trial, and due process. *Id.* Under *Clisby*, courts must "resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1988), regardless of whether habeas relief is granted or denied." 960 F.2d at 936. The record reflects the magistrate judge did resolve all these claims in the Report, finding them defaulted. *See* ECF No. 42 at 18-19, 26–28. And this court, after a de novo review, agrees. These claims are defaulted, as they were not properly raised to and ruled upon by the PCR court. [ECF No. 28-1 at 113–121; ECF No. 28-2.] Therefore, the court overrules these objections.

11

## CONCLUSION

After a de novo review of each part of the Report to which Petitioner specifically objected, the court hereby adopts the Report and Recommendation, ECF No. 42, as set forth above. Respondent's motion for summary judgment, ECF No. 29, is granted, and the Petition, ECF No. 1 is dismissed with prejudice.[6]

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[7]

**IT IS SO ORDERED.**

January 23, 2026                                            Sherri A. Lydon
Columbia, South Carolina

---

[6] As a result of this matter's dismissal, Petitioner's motion to appoint counsel, ECF No. 35, is terminated as moot.

[7] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."